1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **DARRELL AKE AND** | § | **CIVIL ACTION NO:** |
| **PAMELA AKE** | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JAYCO, INC.** | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

<u>COMPLAINT</u>

### I.   Parties

1.    Plaintiffs, DARRELL AKE and PAMELA AKE, are individuals that are now and have been at all times a citizens of state of Indiana.

2.    Defendant, JAYCO, INC., hereinafter "JAYCO," is an Indiana corporation authorized to do and doing business in the State of Texas with its principal place of business located in Elkhart, Indiana and a citizen of the state of Indiana and is a warrantor of the recreational vehicle that Plaintiffs purchased and is a merchant in goods of the kind  involved in this case.

JAYCO's agent for service of process is CT Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.

### II.   Jurisdiction

3.    This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs's

state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.    Venue

4.    Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV.    Conditions Precedent

5.    All conditions precedents have been performed or have occurred.  Plaintiffs sent the Defendant, Forest River, Inc., the required notice and opportunity to repair his RV letter to Forest River, Inc., 55470 CR 1, P.O. Box 3030, Elkhart, Indiana 46515-3030, which was received by the Defendant on September 21, 2022.

### V.    Facts

#### A.    The Transaction

6.    On December 8, 2022, Plaintiffs purchased a new 2022 JAYCO ALANTE 27A bearing  VIN: 1F65F5DNXM0A19056, hereinafter "ALANTE," from COLERAIN FAMILY RV-FT. WAYNE. The "ALANTE" was purchased primarily for Plaintiffs' personal use.

7.    The sales price of the ALANTE was $123,657.30.  Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law.  See ***Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

**B.    Implied Warranties**

8.      As a result of the sale of the ALANTE by Defendant to Plaintiffs, an implied warranty of merchantability arose in the transaction which included the guarantee that the ALANTE would pass without objection in the trade under the contract description; and that the ALANTE was fit for the ordinary purpose for which such motor vehicles are purchased.

9.      Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant.  Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

**C.    Express Warranties**

10.     In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the ALANTE, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the ALANTE had, in fact, repaired the defects.

11.     Plaintiffs's purchase of the ALANTE was accompanied by express warranties offered by the Defendant, JAYCO, and extending to Plaintiffs.  These warranties were part of the basis of the bargain of Plaintiffs's contract for purchase of the ALANTE.

12.     The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship.  Any required adjustments would also be made during the basic coverage period.  All warranty repairs and adjustments, including parts and labor, were to be made at no charge.  Additional warranties were set forth in the JAYCO's warranty booklet and owners manual.

-3-

1

**D.   Actionable Conduct**

2

13.     In fact, when delivered, the ALANTE was defective in materials and workmanship,

3

4

with such defects being discovered within the warranty periods.  Many defective conditions have

5

occurred since purchase, including, but not limited to the following:

6

**"A.    RADIO   DEFECTS,   NON-CONFORMITIES AND**
**CONDITIONS;**

7

8

**B.    FRONT   KITCHEN   SLIDE   DEFECTS,   NON-**
**CONFORMITIES AND CONDITIONS;**

9

10

**C.    LIVING   ROOM   SLIDE   OUT   DEFECTS,   NON-**
**CONFORMITIES AND CONDITIONS;**

11

12

**D.    FRONT JACK DEFECTS, NON-CONFORMITIES AND**
**CONDITIONS;**

13

14

**E.    CAMERA DRIVER SIDE DOES NOT STAY ON WHEN**
**TURNING;**

15

16

**F.    A/C   DEFECTS,   NON-CONFORMITIES,   AND**
**CONDITIONS;**

17

18

**G.    ANY AND ALL DEFECTS, NON-CONFORMITIES AND**
**CONDITIONS LISTED ON ANY AND ALL REPAIR**
**ORDERS. RV HAS BEEN IN SHOP FOR OVER 150**
**DAYS"**

19

20

21

14.     Since  purchase, Plaintiffs have returned their ALANTE to the Defendant and its

22

authorized warranty service dealers for repairs on numerous occasions.  Despite this prolonged

23

period during which Defendant were given the opportunity to repair the ALANTE, the more

24

significant and dangerous conditions were not repaired.  Defendant failed to repair the vehicle so as

25

26

to bring it into conformity with the warranties set forth herein.  From the date of its purchase, the

27

ALANTE, continues to this day to exhibit some or all of the non-conformities described herein.

28

15.     The defects experienced by Plaintiffs with the ALANTE substantially impaired its use, value and safety.

16.     Plaintiffs notified the Defendant of the defective conditions in the ALANTE.

### VI.     Causes of Action

### COUNT 1:     VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

17.     Plaintiffs re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

18.     Plaintiffs are a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

19.     Defendant is a "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

20.     The ALANTE is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffss in fact purchased it wholly or primarily for personal use.

21.     The express warranties more fully described hereinabove pertaining to the ALANTE is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

22.     The actions of Defendant in failing to tender the ALANTE to Plaintiffs free of defects and refusing to repair or replace the defective ALANTE tendered to Plaintiffss constitute a breach of the written and implied warranties covering the ALANTE and hence a violation of the Magnuson-Moss Warranty Act.

23.     Plaintiffs have performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of

1   Defendants as herein alleged.

2   24.    As a direct and proximate result of the acts and omissions of Defendant, Plaintiffs

3

4   have been damaged in an amount in excess of $100,000.00 according to proof at trial.

5   25.    Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are

6   entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees

7   based on actual time expended.  As a proximate result of the misconduct of Defendants as alleged

8

9   herein, and in an effort to protect their rights and to enforce the terms of the agreement as more

10  particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of

11  Richard C. Dalton.  Plaintiffss have incurred and continue to incur legal fees, costs and expenses in

12  connection therewith.

13

14              **COUNT 2:    BREACH OF EXPRESS WARRANTIES**

15  26.    Plaintiffs  re-alleges and incorporates by reference as though fully set forth herein

16  each and every allegation contained in the preceding paragraphs.

17  27.    The Defendant's advertisements and statements in written promotional and other

18

19  materials contained broad claims amounting to a warranty that Plaintiffs's ALANTE or those

20  similarly situated were free from inherent risk of failure or latent defects.  In addition, the Defendant

21  issued an expressed written warranty which covered the ALANTE and warranted that the ALANTE

22  was free of defects in materials and work quality at the time of delivery.

23

24  28.    As alleged above, the Defendant breached its warranties by offering for sale, and

25  selling as safe to Plaintiffs a ALANTE that was latently defective, unsafe, and likely to cause

26  economic loss to Plaintiffs.

27  29.    In breach of the foregoing warranties, the Defendant has failed to correct said defects.

28

-6-

30.     The damages Plaintiffs have suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 3:    BREACH OF IMPLIED WARRANTIES

31.     Plaintiffs  re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

32.     The Defendant impliedly warranted that Plaintiffs's ALANTE which it designed, manufactured, and sold, were merchantable and fit and safe for his ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

33.     Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the ALANTE had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiffs.

34.     Because of the defects, Plaintiffs's ALANTE is unsafe and unfit for use and has caused economic loss to the Plaintiffs.  Therefore, the Defendant breached the implied warranty of merchantability.

35.     The damages Plaintiffs have suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

-7-

### VII.   Economic and Actual Damages

36.   Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

a.   Out-of-Pocket Rule. Recovery of the difference between the price paid and the actual value of the property acquired.

b.   Benefit of the Bargain Rule.  The difference between the value of the goods and services would have had if they had been as promised and their value as delivered.

c.   Costs of Repairs.

d.   Loss Profits.

e.   Loss of Use.

f.   Diminished or reduced market value.

g.   Damages for Mental Anguish.

### VIII.   Attorney Fees and Costs

37.   Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### IX.   Prayer

38.   For these reasons, Plaintiffs prays for judgment against the Defendant for the following:

a.   For general, special and actual damages according to proof at trial;

b.   For incidental and consequential damages according to proof at trial;

c.   Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

d.   Any diminution in value of the ALANTE attributable to the defects;

e.   Past and future economic losses;

f.   Prejudgment and post-judgment interest;

g.   Damages for loss of use of vehicle;

h.   Civil Penalties and/or Punitive damages;

i.   Damages for mental anguish;

j.   Attorney fees;

k.   Costs of suit, expert fees and litigation expenses; and

l.   All other relief this Honorable Court deems appropriate.

## X.   Demand for Jury Trial

39.   Plaintiffs hereby demand a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFFS